SMITH ex rel. LEUNG SING v. NICOLLS, District Director, U. S. Immigration & Naturalization Service, Boston, Mass.

No. 53–41–F.

United States District Court
D. Massachusetts.

July 8, 1953.

James E. Fitzgerald, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

This petitioner is being held for deportation under a warrant of deportation issued on April 14, 1953.

In his petition he alleges (1) he has resided in the United States continuously for a period of more than seven years and was residing in the United States on July 1, 1948; (2) that he is a person of good moral character and has at no time been affiliated with any Communistic or subversive organizations or activities; (3) that he has been gainfully employed in the United States at all times; (4) that he has not been convicted of any offense against the United States. These facts the respondent admits.

Petitioner further alleges that he duly made application to the District Director under the provisions of the Immigration Act of 1917, § 19(c) (2), U. S. Code Cong. Service 1948, p. 894; that after a hearing the District Director made an erroneous "finding in law" that he would not be warranted on the facts and circumstances in granting discretionary relief. (The petitioner misconstrues this as a finding of law.) The fact of the matter is that the petitioner Lueng made his application for suspension of deportation and, in the alternative, voluntary departure from the United States to China. A hearing was held on April 18, 1952 and both applications were denied by the hearing officer. The District Director ordered his deportation. Subsequently, Lueng appealed to the Commissioner of Immigration and the latter affirmed the order of the District Director and ordered Lueng deported. Lueng then appealed to the Board of Immigration Appeals and, on January 27, 1953, the Board withdrew the order of deportation, denied the suspension of deportation and granted the petitioner not less than thirty (30) days in which to depart from the United States at his own expense, with the proviso that if the petitioner failed to return to China the order of deportation would be reinstated and executed. Lueng was notified, on February 3, 1953, that he was given until April. 10, 1953 to leave the United States, but failed to do so and the warrant of deportation under which Lueng is now held was issued.

It is the contention of the petitioner that the proceedings involved in his deportation were unlawful, arbitrary, and unfair and he specifies three grounds on which he relies (1) that the District Director failed or neglected to furnish him or his counsel with a copy of the testimony and records of the proceedings in order to perfect and present his appeal to the Board of Immigration Appeals, in accordance with the usual practice in such cases; (2) that the District Director and Board of Immigration Appeals abused their discretion under § 19 of the Immigration Act of 1917 by being "wrongfully influenced * * * by a temporary attitude expressed by certain members of the Congress relating to matters of suspension of deportation entirely unrelated to the specific matter before them", and as a result the District Director and the Board of Immigration Appeals departed from a policy of recommending suspension of deportation which they had previously followed and accorded to others in the same class as the said Leung Sing; and (3) that the deportation would result in exceptional and extremely unusual hardship.

Petitioner concedes § 19(c) (2) of the Immigration Act of 1917 is applicable and the scope of the review of the present case is (1) was there a denial of a fair hearing; (2) were the findings supported by the evidence; and (3) was there a mistake of law. Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938.

I cannot find any arbitrary or unfair procedure on the part of the immigration officials. There was no question the petitioner was illegally in the United States, as the District Director found; he had overstayed his time (29 days) after entering as a seaman. He did not, at his last entry, intend to remain permanently in the United States.

With respect to the failure of petitioner or his counsel to receive a transcript of the testimony before the hearing officer, it appears that his counsel made the request

on May 2, 1952, in accordance with Title 8, C.F.R. 95.6(b). Through error at the department only the decision of the examiner was sent to counsel at least six days before the time for appeal expired on May 9, 1952. No request was made by counsel for petitioner for a transcript of the record between May 3, 1952 and May 9, 1952.

It appears that counsel was present on both days of the hearing, April 7, 1952 and April 18, 1952. It is difficult to see how the respondent was at fault concerning the production of the record in any way in the light of these facts. Even if counsel for the petitioner did not immediately receive a transcript of the record through a mistake of a clerk in the Immigration Office on his first request he knew what the record revealed and also he had ample time to make a further demand before the hearing on appeal before the Board of Immigration Appeals. He can hardly now complain of lack of due process or unfairness when the fault is attributable to petitioner or his counsel. There was never at any time a denial of petitioner's right to see the record if he wanted to. The mere fact there was error in not sending him the record on his first demand can hardly be charged as unfair. Counsel for petitioner knew the practice and if the mistake made were called to the attention of the officials, it would have been immediately corrected; that it was not corrected was the fault of petitioner or his counsel. This contention of petitioner has no merit.

The contention that the District Director and Board of Immigration Appeals were wrongfully influenced by Congress has no rational basis and can be dismissed without further discussion.

■■ A review of the proceedings before the hearing officer reveals no evidence of unfairness or arbitrariness in their conduct and none has been pointed out by counsel. A contention is made that others in the same class as the petitioner have been granted suspension of deportation. Each one must be based on its own facts. This petitioner, as the findings reveal, was married and his family is in China. He is illiterate and a laborer. There is no evidence of economic detriment involved in his deportation within the meaning of § 19(c) (2) (a) of the 1917 Immigration Act, as amended July 1, 1948, nor any exceptional or extremely unusual hardship in the light of the language of § 244 (a) (3) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1254 (a) (3), if by any chance the 1952 Act were applicable to these proceedings. While the requirements of § 19 (c) (2) (b) of the 1917 Act as amended were fulfilled there is no basis for finding the discretion of the authorities was abused under the circumstances here. The petitioner desired to return voluntarily to China in the first place, if suspension was not granted, and he violated the order of the Board of Immigration Appeals of January 27, 1953 to depart the United States in thirty days. He abused the confidence of the authorities in this regard and there was little basis of any sort upon which the exercise of discretion in his favor was warranted unless it could be predicated upon the seven years he succeeded in eluding the authorities. The warrant for his arrest under the circumstances here was justified. The findings of the immigration officials are based on reasonable, substantial, and probative evidence, see Immigration and Nationality Act of 1952, § 242 (b) (4), 8 U.S.C.A. § 1252(b) (4), and the conclusion to deport him was legal and proper. There was no abuse of discretion. The grounds upon which the petition is based are without merit and the order to be entered is

Petition for writ denied; petition dismissed.